UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/17/2023
```

FRANCOIS MALHERBE, et al.

                Plaintiffs,

-against-

OSCAR GRUSS & SON, INC.,

                Defendant.

1:21-cv-10903 (MKV)

**OPINION AND ORDER**
**DENYING MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiffs commenced this action seeking recognition and enforcement of various money judgments issued by a German court against Defendant Oscar Gruss & Son, Inc. ("Gruss"). Gruss moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Specifically, Gruss argues that the underlying foreign judgments are invalid, and therefore unenforceable, because those judgments do not establish personal jurisdiction over Gruss and because they fail to consider the arbitration agreements between the parties. For the reasons set forth below, the motion to dismiss is denied.

## BACKGROUND[1]

    Gruss is a broker-dealer registered with the Securities and Exchange Commission and incorporated in New York. Amended Complaint, [ECF No. 9] ("AC") ¶ 2. In the 1990s, Gruss sought to expand its business by engaging a German company called Gluch & Partner GmbH ("Gluch") to help solicit customers abroad. AC, Ex. 2 at 2. Gruss agreed to pay Gluch ten

---

[1] The Court draws its facts from the Amended Complaint and all documents attached thereto, which include copies of the original German judgments and English translations of those judgments. [ECF No. 9, Exs. 1-10]. These documents are incorporated into the Amended Complaint by reference or integral to the allegations in the Amended Complaint. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The Court assumes all factual allegations to be true for purposes of this motion to dismiss under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

percent of all funds deposited by the customers it had solicited, plus a commission for all trades executed by or on behalf of those customers. AC, Ex. 2 at 3.[2] Plaintiffs were five such customers.

When Plaintiffs agreed to deposit funds into Gruss accounts, each one voluntarily gave Gluch power of attorney to trade on those accounts. AC, Ex. 2 at 2. This decision proved costly. Armed with the power of attorney, and with commission checks at stake, Gluch made an excessive number of risky trades. AC, Ex. 2 at 3. These trades generated a small fortune in fees for Gluch, but only at the expense of steep losses for Plaintiffs, who were unaware of the fee agreement that existed between Gruss and Gluch. AC, Ex. 2 at 3.

After this scheme came to light, Plaintiffs filed a series of lawsuits against Gruss in Krefeld, Germany. (Gluch was insolvent at the time of these suits and was not named as a defendant. AC, Ex. 2 at 2.) In each case, Gruss was served with a summons at its principal place of business in New York. AC ¶¶ 8, 23 38, 53, 68. When Grus did not appear or otherwise participate in these actions, the German court entered a slate of default judgments. AC, Exs. 2, 4, 6, 8, 10. In so doing, the German court stated that Gruss had engaged in tortious activity in Germany by using Gluch, a German company, as its agent and intermediary and by aiding and abetting Gluch in "churning" Plaintiffs' accounts to generate excessive fees.[3] AC, Ex. 2 at 4-6. As a remedy, the German court held that Plaintiffs were entitled to reimbursement from Gruss

---

[2] Rather than listing five separate exhibits, representing the five separate German judgments, for each statement of fact, the Court cites to a single judgment when that judgment is representative of the rest.

[3] "Churning," at least in the United States, "occurs when a broker, exercising control over the volume and frequency of trades, abuses his customer's confidence for personal gain by initiating transactions that are excessive in view of the character of [the] account and the customer's objectives as expressed to the broker." *Nelson v. Weatherly Sec. Corp.*, No. 05-cv-2283, 2006 WL 708219, at *3 (S.D.N.Y. Mar. 21, 2006) (quoting Black's Law Dictionary 242 (6th ed. 1990)).

for all the fees extracted on the stock option transactions.  AC Exs. 2 at 8.  Gruss did not appeal or otherwise object to these judgments.  AC ¶¶ 12, 27, 42, 57, 72.

## PROCEDURAL HISTORY

Plaintiffs initially sought to recognize and enforce the German judgments by bringing suit in the United States District Court for the Northern District of Texas.  *See Malherbe v. Oscar Gruss & Son, Inc.*, No. 3:21-cv-1216 (filed May 26, 2021) (N.D. Tex. 2021) (the "Texas Case").  However, Plaintiffs voluntarily dismissed that case without prejudice in October 2021.  *See Oscar Gruss,* No. 3:21-cv-1216, ECF No. 51.  Shortly thereafter, Plaintiffs commenced the current action in this Court in December 2021.  [ECF No. 1].  Plaintiffs later filed an Amended Complaint, which is the operative complaint, alleging that the German judgments are final, conclusive, and enforceable.  AC ¶¶ 10, 12-14.

Gruss moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6), claiming that the underlying German judgments are invalid, and therefore unenforceable, because they fail to establish personal jurisdiction over Gruss and because they fail to consider the fact that the parties had agreed to arbitrate all disputes.  [ECF Nos. 19-21].  Plaintiffs filed an opposition [ECF No. 24], and Gruss replied [ECF No. 25].

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

3

**DISCUSSION**

In evaluating Defendant's claim that the German judgments are not enforceable, and that Plaintiffs' complaint must therefore be dismissed, the Court must first determine what law applies to this action, and then turn to whether under that law Plaintiffs' claims survive dismissal at this stage.

I.  **APPLICABLE LAW**

Plaintiffs' action seeks recognition and enforcement of the underlying foreign judgments pursuant to Article 53 of New York's Civil Practice Laws and Rules ("C.P.L.R."). It is well settled that New York law "governs actions brought in New York to enforce foreign judgments." *In re Union Carbide Corp. Gas Plan Disaster*, 809 F.2d 195, 2014 (2d Cir. 1987).

Judicial recognition for foreign country judgments is limited under the C.P.L.R. to those judgments which are "final, conclusive and enforceable where rendered." C.P.L.R. § 5302. Foreign money judgments that meet those three requirements are "to be recognized in New York . . . unless a ground for nonrecognition under C.P.L.R. 5304 is applicable." *John Galliano, S.A. v. Stallion, Inc.*, 15 N.Y.3d 75, 80 (2010). The grounds for non-recognition are split into two buckets: mandatory grounds for dismissal, under subdivision (a), and discretionary grounds, under subdivision (b). Until recently, courts generally found that plaintiffs bear "the burden of making a prima facia showing that the mandatory grounds for nonrecognition do not exist," *Daguerre, S.A.R.L. v. Rabizadeh*, 112 A.D.3d 876, 878 (2d Dep't 2013), while defendants bore "the burden of proving the[] discretionary grounds," *CIBC Mellon Trust Co. v. Mora Hotel Corp.*, 296 A.D.2d 81, 101 (1st Dep't 2002).

But things changed in June 2021, when Article 53 was amended to address expressly the burden of proof. *See* 2021 N.Y. Sess. Laws Ch. 127 (S. 523-A) § 10. Specifically, Section 5304 was amended to include subdivision (c), which provides that "[a] party resisting recognition of a

4

foreign country judgment has the burden of establishing that a ground for non-recognition stated in subdivision (a) or (b) of this section exists." C.P.L.R. § 5304(c).

There is a threshold question of whether this new subdivision applies to this case. Plaintiffs claim that it does apply because this action was filed after the effective date of the amendment. Defendant argues that it does not apply because while Plaintiffs refiled this case in the Southern District of New York, they commenced this action by filing a complaint in Texas on May 26, 2021, *i.e.*, before Article 53 was amended.[4] Defendant is way off base. The Texas Case was dismissed on October 19, 2021 without prejudice and by agreement of the parties pursuant to Federal Rule of Civil Procedure 41. Under well-established law, an action that is voluntarily dismissed under Rule 41 is treated "as if the action had never been filed." *United States v. L-3 Commc'ns EOTech, Inc.*, 921 F.3d 11, 21 (2d Cir. 2019). Thus, this action is governed by the current version of Article 53, which places the burden of proof squarely on Defendant.

## II.  APPLYING THE BURDEN OF PROOF

Defendant moves to dismiss the Amended Complaint based on two of the twelve grounds for non-recognition enumerated in Section 5304 of the C.P.L.R. First, Defendant argues that the German court lacked personal jurisdiction over it because Defendant, which is a New York corporation with its principal place of business in New York, did not perform any action in Germany or injure any plaintiff located in Germany. *See* C.P.L.R. § 5304(a)(2). Second, Defendant argues that the proceeding in the German court was contrary to an arbitration

---

[4] Defendant also argues that the use of the amended provision should be precluded by the doctrine of laches and by the public policy against forum shopping. But the Court need not consider these arguments, which suffer from various fundamental flaws, because they were "raised for the first time in a reply brief." *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003).

agreement between the parties, "under which the dispute in question was to be determined otherwise than by a proceeding in [the German] court." C.P.L.R. § 5304(b)(5).

These arguments are prematurely raised in support of a motion to dismiss. Plaintiff has no burden at this stage other than to plead that the underlying judgment is final, conclusive, and enforceable, which it has done. Proving one or multiple grounds for non-recognition is the burden of the Defendant, and one which can be satisfied only at later stages of the proceedings, once raised as an affirmative defense. Such a procedural requirement aligns not only with precedent, which recognizes that "a defense is an affirmative defense if the defendant bears the burden of proof." *In re Livent, Inc. Noteholders Sec. Litig.*, 355 F. Supp. 2d 722, 727 n.8 (S.D.N.Y. 2005) (internal quotation marks omitted)); *see also Dresdener Bank AG v. Haque*, 161 F. Supp. 2d 259, 263-64 (S.D.N.Y. 2001) ("The defendant, in his Answer, alleges as affirmative defenses, the grounds for non-recognition enumerated in Sections 5304 of the New York CPLR.").[5] But this analysis also aligns with common sense, as plaintiffs cannot be expected to plead the nonexistence of all twelve grounds for non-recognition—some of which would require proving a negative.

It is true that "[a]n affirmative defense is grounds for dismissal when it is clear from the face of the complaint and documents integral thereto that plaintiff's claims are barred." *Payne v. McGettigan's Mgmt. Servs. LLC*, No. 19-cv-1517, 2020 WL 2731996, at *3 (S.D.N.Y. May 26, 2020) (citing *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015)). However, neither of the

---

[5] The Second Circuit previously stated that "[i]t is not clear . . . that under New York law the discretionary bases for non-recognition of foreign judgments *are* affirmative defenses," as the relevant provision states only that a foreign judgment "need not be recognized if . . . the judgment conflicts with another final and conclusive judgment." *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 191 (2d Cir. 2017). But that statement was made before Article 53 was amended, prior to which the plain language of the provision provided nothing about which party held the burden of proof. The amendment to Article 53 thus provides clarity on an issue which was previously murky, firmly establishing the grounds for non-recognition as affirmative defenses.

affirmative defenses here meet that standard.  With respect to the first defense, Defendant merely argues that the German court's jurisdiction is not established by the complaint, *not* that the complaint establishes the lack of jurisdiction.  With respect to the second defense, Defendant relies entirely on arbitration agreements between the parties, which appear only in an appendix that Defendant filed along with its motion to dismiss.  The arbitration agreements do not appear on the face of the complaint, nor are they integral thereto.[6]

So, while Defendant may well be entitled to allege and prove, by way of defense to the action, that the German court lacked personal jurisdiction over it and that the German action conflicted with an arbitration agreement between the parties, a motion to dismiss is not a proper vehicle for litigating these defenses.  Accepting Plaintiffs' allegations as true, the complaint plausibly alleges that the German judgments should be recognized as "final, conclusive and enforceable."  C.P.L.R. § 5302.

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss the Amended Complaint is DENIED.

The Clerk of Court respectfully is requested to close the Motion at ECF No. 19.

**SO ORDERED.**

**Date:  January 17, 2023**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

---

[6] Defendant argues that the arbitration agreements are integral to the complaint because Plaintiffs "undisputedly had notice of the contracts they signed."  ECF No. 20 ("Def. Br.") at 11 n.8.  But the Second Circuit has "reiterate[d] . . . that a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).  Because Defendant has failed to demonstrate that Plaintiffs' complaint *relies* on the arbitration agreements, those agreements cannot be deemed integral to the complaint and may not be considered at this stage of the proceedings.