UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCOIS MALHERBE, et al.,

                        Plaintiffs,

-against-

OSCAR GRUSS & SON, INC.,

                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/2024

21-CV-10903 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      On May 13, 2024, Plaintiffs filed a letter-motion regarding a discovery dispute over 19 documents previously withheld by Defendant on the basis of attorney-client and attorney work product privilege, as described in Defendant's Amended Privilege Log of April 5, 2024. *See* Dkt. No. 112 ("Pls. Ltr."). Plaintiffs requested a conference with the Court and requested that the Court review these 19 documents *in camera* to assess whether the requirements of attorney-client and/or attorney work product privilege had been met. *See id.* On May 15, 2024, Defendant filed a letter-response, and argued, among other things, that Plaintiffs' request was untimely, the documents were in fact privileged, and Plaintiffs had not demonstrated a need for the documents. *See* Dkt. No. 113 ("Def. Ltr."). On May 24, 2024, the Court held a conference to discuss the discovery dispute and granted Plaintiffs' request that the Court review the documents *in camera*.[1] Defendant delivered the documents to the Court the following week.

      Based on the arguments made at the May 24 conference, the Court's own review of the documents themselves, and for the reasons discussed further herein, it is hereby ORDERED that Defendant shall produce the 19 documents at issue to Plaintiffs, no later than **June 19, 2024**.

## BACKGROUND

      On February 12, 2024, Plaintiffs' counsel deposed Danielle Landau, Defendant's Chief Compliance Officer and CFO. *See* Dkt. No. 113-4 ("Landau Tr."). During the deposition, Ms. Landau testified that she had received a "whole Redweld of documents" previously possessed by certain former owners of Defendant and their former counsel. *Id.* at 65–69. Plaintiffs' counsel requested that Defendant produce the contents of the Redweld folder, to which Defendant's counsel replied that the matter should be addressed after the deposition because "some of that information is privileged." *Id.* at 70.

      On February 19, 2024, the date of the close of fact discovery, Defendant produced a portion of what Defendant's counsel had represented was in the Redweld folder and a categorical

---

[1] For the reasons stated on the record at the May 24, 2024 conference, the Court found Defendant's arguments in its letter-response regarding the timing of Plaintiffs' request and the nature of the May 8, 2024 meet-and-confer unavailing.

privilege log, which indicated that other documents from the Redweld were being withheld as "Legal Memoranda" and "Attorney-Client Correspondence." *See* Pls. Ltr. at 2; Dkt. No. 113-1. In response, during a meet and confer on March 8, 2024, Plaintiffs' counsel requested an itemized privilege log and Defendant's counsel objected on the basis that they believed that the categorical privilege log was proper. *See* Def. Ltr. at 2. On March 28, 2024, Plaintiffs' counsel renewed their request for an itemized privilege log, which Defendant's counsel ultimately produced on April 5, 2024. *See* Dkt. No. 113-2.

On April 29, 2024, the parties cross-moved for summary judgment. *See* Dkt. Nos. 90 & 96. On May 6, 2024, Plaintiffs' counsel emailed Defendant's counsel regarding the itemized privilege log and raised a "significant issue" with the assertion of privilege "as to a number of documents without listing either an author or incipient [*sic*] (in many instances, also not listing even a date)." *See* Dkt. No. 113-3. On May 8, 2024, the parties met and conferred but were unable to resolve their dispute over the production of the 19 documents now before the Court. *See* Dkt. No. 113-5.

## DISCUSSION

Under Rule 26 of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. 26(b)(1). Rule 37(a) provides that a party may move for an order compelling such discovery. *See* Fed. R. Civ. P. 37(a). The Court construes Plaintiffs' May 13 letter-motion and arguments at the May 24 conference as a motion to compel Defendant to produce the 19 documents at issue pursuant to Rule 37(a).

In sum, these 19 documents are summaries of cases, filings, and judgments in various German cases, some of which involve Plaintiffs, but all of which involve Defendant and relate to underlying activity by Defendant, Gluch, and Partner GmbH, which is the subject of Plaintiffs' allegations in their Second Amended Complaint. *See* Dkt. No. 61.

First, as to relevance, the Court finds that these 19 documents are at least minimally relevant to the parties' claims and defenses in this action and thus fall within Rule 26(b)(1).

Second, as to whether the attorney-client and/or attorney work product privilege attaches, the Court finds that the Defendant has failed to demonstrate that any of these 19 documents can be withheld as privileged.

The elements of the attorney-client privilege are well-settled: "(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived . . . ." *United States v. Stern*, 511 F.2d 1264, 1367 (2d Cir. 1975) (citing Wigmore, Evidence § 2292 (McNaughton Rev. 1961)). The attorney work product privilege "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d

2

180, 183 (2d Cir. 2007) (citing *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 383 (2d Cir. 2003)); *see generally* Fed. R. Civ. P. 26(b)(3).

The party invoking either attorney-client or attorney work product privilege bears the burden of establishing its applicability. *Id.* (describing the burden as "a heavy burden"); *Stern*, 511 F.2d at 1367. As to attorney-client privilege, courts construe the privilege narrowly because assertion of the privilege renders relevant information undiscoverable, thus, courts apply the privilege "only where necessary to achieve its purpose." *Fisher v. United States*, 425 U.S. 391, 403 (1976); *see In re Grand Jury Investigation*, 399 F.3d 527, 531 (2d Cir. 2005). Further, "any ambiguities as to whether the essential elements have been met are construed against the party asserting the privilege." *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 38 (E.D.N.Y. 2013), *aff'd*, 29 F. Supp. 3d 142 (E.D.N.Y. 2014). As to attorney-client work product, the purpose of the work product privilege is "to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1999) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947)).

Ultimately the lack of information about the 19 documents at issue is fatal to Defendant's assertion of attorney-client or work-product privileges. Nothing on the face of the 19 documents clearly indicates that these documents reflect attorney-client communication, were prepared by or at the direction of an attorney, or were prepared in anticipation of litigation. Most identify neither author nor recipient nor purpose. Defendant makes much of the fact that these documents were found in a Redweld folder that was previously in the possession of a lawyer who represented former owners of Defendant. While elements of the privilege can be established by circumstantial evidence (*e.g.* a page of unlabeled notes written in the same handwriting as labeled attorney notes and found together in the same folder labeled "attorney notes"), mere attorney possession, without more, is not sufficient to carry Defendant's burden. Likewise, the subject matter of many of the documents (translations or translated summaries of court events in German litigation) suggests attorney involvement but is equally consistent with documents prepared by a non-lawyer for an audience of non-lawyer business executives, and the documents themselves do not illuminate these questions. Finally, there are some references to "client" in several places throughout the documents that could be references to Defendant, suggesting that these documents potentially could have been prepared by an attorney or at an attorney's direction. However, these references are ambiguous and inconsistently used throughout the documents—nothing on the face of the documents or in the factual record before the Court dispels the ambiguous and inconsistent usage of "client," and such ambiguity is construed against Defendant. In sum, while the privilege designations appear to have been made in good faith, the Court finds that, even viewing the various hints or suggestions of attorney involvement in combination, the Defendant has failed to carry its burden to clearly establish that the 19 documents are protected from disclosure by either the attorney-client or attorney work product privilege.

Accordingly, the 19 documents at issue are relevant and non-privileged, and Defendant must produce the documents to Plaintiffs.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant shall produce the 19 documents at issue to Plaintiffs no later than **June 19, 2024**. It is further ORDERED that the briefing schedule for the parties' pending cross-motions for summary judgment shall resume as follows: oppositions shall be due no later than **July 12, 2024**, and replies shall be due no later than **July 26, 2024**.

Dated: June 12, 2024
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge