Wiggin and Dana LLP
437 Madison Avenue
35th Floor
New York, New York 10022
www.wiggin.com

Michael L. Kenny, Jr.
212.551.2628
212.551.2888 fax
mkenny@wiggin.com

VIA ECF

April 29, 2024

Honorable Margaret M. Garnett, U.S.D.J.
40 Foley Square, Room 2102
New York, NY 10007

Re: Malherbe, et al v. Oscar Gruss & Son, Inc., no. 1:21-cv-10903-MMG

Dear Judge Garnett:

We represent Defendant Oscar Gruss & Son, Inc. ("Defendant") in the above-referenced matter. We write pursuant to Rule D(3)(iii) of Your Honor's Individual Rules and Practices to respectfully request permission to file an exhibit under seal, which is being filed today, April 29, 2024.

Consistent with Your Honor's Individual Rules and Practices, the parties met and conferred on Defendant's proposal to file the relevant exhibit under seal on April 26, 2024, articulating their respective positions via email. Plaintiffs do not consent to Defendant's proposal to file under seal, claiming that the document does not contain confidential information and does not warrant sealing. Although Defendant recognizes the presumption of public access to judicial documents, Defendant submits that the need for confidentiality of nonparties' sensitive non-public information here outweighs the general presumption.

The presumption of public access to judicial documents can be overcome if countervailing factors warrant confidentiality. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006); see also Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 598 (1978). Sealing of records may be justified to preserve "higher values," including the privacy interests of third parties, which is a significant consideration in evaluating whether public access is warranted. Chigirinskiy v. Panchenkova, 319 F. Supp. 3d 718, 470 (S.D.N.Y. 2018); In re New York Times Co., 818 F.2d 110, 116 (2d Cir. 1987) ("[T]he privacy interests of innocent third parties . . . that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation in determining what portions of motions papers in question should remain sealed"). Moreover, courts permit sealing when nonparty information that has no bearing on the adjudication of the dispute is implicated in a filing. See Cisco Syms., Inc. v. Synamedia Ltd., 557 F. Supp. 3d 464, 476 (S.D.N.Y. 2021) (granting request to file under seal portions of agreement that were not referenced in either party's summary judgment briefing).

Here, the exhibit is an 84-page agreement involving Defendant and a foreign non-party to this litigation that the signatories to the agreement agreed contains confidential information.

April 29, 2024
Page 2

Defendant asserts that the relevant exhibit contains, among other things, non-party individuals' share allocations and disclosures of assets and liabilities that, if disclosed, could pose a substantial risk of harm by disclosing the details of nonparties' interests in a non-public transaction that has limited, if any, public ramifications. While not determinative to the sealing inquiry, Defendant designated the document as confidential under the governing protective order, and Plaintiffs have not challenged that designation prior to Defendant's motion to seal. Moreover, for purposes of this litigation, Defendant intends to rely on a single paragraph in the 84-page document. On balance, the public's interest in the single paragraph does not require disclosure of the remainder of the document that contains a non-party's confidential and sensitive non-public information that neither party intends to use and is not relevant to this matter. For these reasons, Defendant contends that the presumption of public access is overcome. Accordingly, Defendant requests the Court's permission to file the above-referenced exhibit under seal.

Respectfully submitted,

/s/ Michael L. Kenny, Jr.
Michael L. Kenny, Jr.

cc: counsel of record

SO ORDERED:

Dated: _____, 2024

_____
Hon. Margaret M. Garnett, U.S.D.J.

---

Application GRANTED. Upon review of Exhibit A-5 to the Declaration of Danielle Landau in support of Defendant's motion for summary judgment, the Court finds that the privacy interests of a non-party to the agreement outweighs the public's presumption of access to judicial documents. *See, e.g., S.E.C. v. Telegram Grp. Inc.*, No. 19-CV-09439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); *see also United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (stating that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"). The Clerk of Court is respectfully directed to terminate Dkt. No. 98.

SO ORDERED. Date: 7/17/2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE