USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/19/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCOIS MALHERBE, et al.,

Plaintiffs,

-against-

OSCAR GRUSS & SON, INC.,

Defendant.

21-CV-10903 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

This Order comes on the tail end of five years of litigation in this Court seeking the recognition of default judgments in German courts issued in favor of Plaintiffs against Defendant Oscar Gruss & Son, Inc. ("Gruss"). On August 3, 2026, the Court granted summary judgment in favor of Plaintiffs. Dkt. No. 136. The Clerk of Court entered that judgment on August 5, 2026. Dkt. No. 138. All that is left to decide is the precise amount of the money judgment, taking into account currency conversion rates and interest. The Court assumes the parties' familiarity with the facts and procedural history in this case as set forth in the Court's August 3, 2026 Opinion & Order. *See* Dkt. No. 136.

Following the decision on summary judgment, the Court invited briefing on the "applicable conversion rates and interest rates for each of the underlying judgments." Dkt. No. 139. Plaintiffs filed their proposed judgment and related briefing on August 21, 2026. Dkt. No. 140. Defendant filed objections to that proposed judgment on September 4, 2026. Dkt. No. 144. Plaintiffs replied on September 10, 2026. Dkt. No. 145.

A federal court sitting in diversity applies the substantive law of the forum state, including that state's choice-of-law rules, and federal procedural law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Actions to enforce foreign judgments in federal courts sitting in diversity are governed by the substantive law of the forum state. *In re Union Carbide Corp. Gas Plant Disaster at Bhopal*, 809 F.2d 195, 204 (2d Cir. 1987). The recognition of the German judgments in this case arises under New York's Recognition of Foreign Country Money Judgments Act, N.Y. Civ. Prac. L. & R. ("CPLR") § 5300 *et seq.*, which codifies general principles of comity regarding foreign-country judgments. "New York has traditionally been a generous forum in which to enforce judgments for money damages rendered by foreign courts." *CIBC Mellon Tr. Co. v. Mora Hotel Corp. N.V.*, 100 N.Y.2d 215, 221 (N.Y. 2003). Under CPLR § 5303, "a foreign-country judgment that is final, conclusive and enforceable where rendered must be recognized and will be enforced as 'conclusive between the parties to the extent that it grants or denies recovery of a sum of money.'" *Union Carbide*, 809 F.2d at 204 (quoting CPLR § 5303(a)).

The calculation of prejudgment interest is a matter of substantive law. *Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (2d Cir. 1999). New York state law squarely holds that

"[p]ostjudgment interest is a procedural matter governed by the law of the forum." *Abu Dhabi Com. Bank PJSC v. Saad Trading, Contracting & Fin. Servs. Co.*, 117 A.D.3d 609, 613 (1st Dep't 2014). The forum Court determines whether a law is procedural or substantive. In New York, the law of the forum governs procedural matters, while substantive ones are subject to a choice-of-law analysis. *Davis v. Scot. Re Grp. Ltd.*, 30 N.Y.3d 247, 252 (N.Y. 2017).

The Court recognizes New York law deeming prejudgment interest a question of substantive law and postjudgment interest a matter of procedural law. However, the meaning of the labels "postjudgment" and "prejudgment" is itself a matter of procedure, and poses tricky questions when the action in question is seeking a judgment to enforce an existing foreign-country judgment. Here, New York law requires the Court to "accord recognition to the judgments rendered in a foreign country under the doctrine of comity," *Lasry v. Lasry*, 579 N.Y.S.2d 393, 393–94 (1st Dep't 1992); the judgments of the German courts incorporated interest provisions as part and parcel of the judgments themselves (the "sum of money" awarded under CPLR § 5303); New York law identifies prejudgment interest as a substantive, not procedural, matter; and federal procedural law defines the "prejudgment interest" period as the time between the issuance of the foreign country judgment and the issuance of the federal order recognizing the foreign judgment. While this interplay is complex, as far as the Court can tell, every federal court in the Second Circuit to have considered this question in the context of New York law has held that the foreign country judgment should be deemed to include the interest provisions stated therein for the period between entry of the foreign country judgment and entry of the federal judgment recognizing it. *See, e.g.*, *Canadian Imperial Bank of Com. v. Saxony Carpet Co.*, 899 F. Supp. 1248, 1254 (S.D.N.Y. 1995), *aff'd*, 104 F.3d 352 (2d Cir. 1996); *Dynamic Cassette Int'l Ltd. v. Mike Lopez & Assocs., Inc.*, 923 F. Supp. 8, 12 (E.D.N.Y. 1996); *DHL Aviation NV v. Glob. Delivery Sys. LLC*, No. 14-CV-01046 (PKC) (RLM), 2015 WL 14107653, at *2 & n.2 (E.D.N.Y. Nov. 23, 2015). Nothing in the state cases cited by Defendant undermines the persuasive reasoning of these federal cases.[1] Accordingly, the German judgments should be enforced on their clear terms, including interest, for the period between entry of the German judgments and entry of the judgment in this case, which was August 5, 2026.[2]

Interest after entry of the federal judgment (what federal courts refer to as "postjudgment interest") is assessed at the federal statutory rate, pursuant to 28 U.S.C. § 1961, which applies in

---

[1] Defendant relies primarily on *Wells Fargo & Co. v. Davis*, 105 N.Y. 670 (N.Y. 1887), and its progeny. However, these cases involve the similar—but distinct—New York law regarding recognition of the "foreign" judgments of other states and territories, as opposed to the recognition of foreign *country* judgments, which arises under a different section of the CPLR. In addition, the cases highlight that New York courts may define "prejudgment" and "postjudgment" differently than federal courts in the context of foreign judgment recognition. *See, e.g.*, *Balboa Cap. Corp. v. CKO Kick Boxing Mamaroneck LLC*, 75 Misc. 3d 402, 404 (N.Y. Sup. Ct. 2022) (discussing application of New York state postjudgment interest rate when enforcing judgments from other U.S. states).

[2] Even if the question of interest is in the "uncertain area between substance and procedure," and "rationally capable of classification as either," *Hanna v. Plummer*, 380 U.S. 471, 472 (1965), that would not change the conclusion that federal law governs only the postjudgment interest rate and the substantive question of prejudgment interest is rooted in New York's statutory comity provisions to honor the German judgments in their entirety for the period prior to the entry of the enforcement judgment here.

diversity actions.[3] *See FCS Advisors, Inc. v. Fair Fin. Co.*, 605 F.3d 144, 147 (2d Cir.2010) ("[T]he federal post-judgment interest rate provided for in 28 U.S.C. § 1961 applies in diversity cases." (citing *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 102 (2d Cir. 2004))).

Turning to the question of currency conversion, "the date on which to convert a foreign currency judgment into United States dollars is governed by New York law." *Dynamic Cassette*, 923 F. Supp. at 11. Under New York law, judgment entered in a foreign currency will be converted into United States dollars at the exchange rate prevailing on the date of judgment in the recognizing court. *Id.* at 12. Judgment was entered recognizing the German judgments in this Court on August 5, 2026. Therefore, the amount owed in foreign currency as of that date is converted to United States dollars utilizing the exchange rate on that date. The Court having confirmed that the exchange rates incorporated in Plaintiffs' brief at Dkt. No. 140 are accurate and reflect the proper date for conversion, adopts those rates here.

In conclusion, the German judgments are recognized in their entirety, incorporating the interest rates set forth in those judgments from the date of entry through August 5, 2026; the resulting amounts in the foreign currency are converted to United States dollars at the rate on August 5, 2026; and postjudgment interest following the August 5, 2026 judgment is granted as a matter of law under 28 U.S.C. § 1961.

It is hereby ORDERED that judgment is entered as follows:

1. Judgment is entered in the case of plaintiff François Malherbe in the amount of $332,491.79, plus postjudgment interest from August 5, 2026;

2. Judgment is entered in the case of plaintiff Yvonne Meier and Andre Meier-Faes, Executors in the Estate of Samuel Meier, in the amount of $246,935.75, plus postjudgment interest from August 5, 2026;

3. Judgment is entered in the case of plaintiff Franz Stiller in the amount of $473,544.93, plus postjudgment interest from August 5, 2026;

4. Judgment is entered in the case of plaintiff Herbert Kuss in the amount of $262,347.21, plus postjudgment interest from August 5, 2026;

5. Judgment is entered in the case of plaintiff Leopold Schmudermaier in the amount of $601,996.47, plus postjudgment interest from August 5, 2026; and

[3] Federal postjudgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a).

6. Judgment is entered in the case of plaintiff Stephan Gartenmann in the amount of $477,899.55, plus postjudgment interest from August 5, 2026.

Dated: October 19, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge